## ANIBALLI v. FLORIDA SONESTA CORP., INC.
### Case No. 84-023 AP
Eleventh Judicial Circuit, Appellate Division, Dade County
June 21, 1984

### APPEARANCES OF COUNSEL

**Katz, Squitero, Linden & Faust** for appellants.

**David R. Howland, Ress, Gomez, Rosenberg & Howland,** for appellee.

Before SHAPIRO, NADLER and TENDRICH, JJ.

## OPINION OF THE COURT

PER CURIAM.

We are asked to review three Orders, two entered by Circuit Court Judge Simons and one by the County Court Judge to whom the case was transferred. For the reasons set forth herein, those Orders are affirmed.

The action commenced in the Circuit Court wherein Appellants sought damages for loss of jewelry valued at approximately Eighty Five Thousand ($85,000.) Dollars. Appellants were guests at the Sonesta Beach Hotel. Their jewelry was placed in a hotel safety deposit box. Mr. Aniballi signed a "Safe Deposit Box—Statement of Value" card which contained provisions stating the hotel's liability was limited to One Thousand ($1,000.) Dollars. A hotel employee apparently opened the box and absconded with appellants' jewelry. They now look to recover damages from the hotel.

The Aniballis contended the hotel failed to comply with the notice requirements of Section 509.101, Florida Statutes, and consequently waived the One Thousand ($1,000.) Dollar statutory limitation of liability set forth in Section 509.111 Florida Statute.

On December 16, 1981, Judge Simons made a finding as a matter of law, the Appellee, Florida Sonesta Corp., Inc. d/b/a Sonesta Beach Hotel, had complied with the applicable statutes thereby limiting liability, if any, to One Thousand ($1,000.) Dollars. On April 13, 1982, Judge Simons transferred the 'cause to the County Court stating the One Thousand ($1,000.) Dollar limitation divested the Circuit Court of jurisdiction to consider the case.

Appellants filed a Motion for Summary Judgment in the County Court which motion was granted. Summary Final Judgment was entered in the sum of One Thousand ($1,000.) Dollars.

We respectfully agree wit Judge Simon that the hotel complied with Section 509.101 Florida Statutes. Section 509.111(1) which limits liability for loss or theft of valuables placed by a hotel guest in a safe deposit box to One Thousand ($1,000.) Dollars applied. The card signed by Mr. Aniballi clearly states, on its face, the extent and scope of the hotel's liability. The provisions of this card were in compliance with Section 509.111(1) Florida Statutes and were printed in a conspicuous place so as to be noticeable to hotel guests. Presented with these facts we conclude it was proper for Judge Simons, pursuant to Rule 1.510(c), Florida Rules of Civil Procedure to grant Appellee's Motion for Summary Judgment limiting liability to One Thousand ($1,000.)

Dollars. Having done so, the Circuit Court was divested of jurisdiction and the case was properly transferred to the County Court.

Our review of the record regarding the propriety of the Summary Judgment insofar as the hotel's neglience is concerned leads us to the conclusion that the lower Court was correct in granting same. Presented with the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, the Court properly concluded there was no genuine issue of material 'fact and that Appellants were entitled to judgment as a matter of law. Accordingly, the Orders of the Circuit Court granting Summary Judgment and limiting liability to One Thousand ($1,000.) Dollars and transferring the matter to County Court, as well as the Order of the County Court granting Summary Judgment for Appellants are affirmed.

It is so ordered.